LIQUID TRANSPORTERS,
INC., Appellant,

v.

REVENUE CABINET, Commonwealth
of Kentucky, Appellee.

REVENUE CABINET, Commonwealth
of Kentucky, Cross-Appellant,

v.

LIQUID TRANSPORTERS, INC.,
Cross-Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1986.

Discretionary Review Denied by Supreme
Court Jan. 13, 1987.

Joseph L.T. Ardery, Louisville, for appellant.

John A. Miller, Ross T. Carter, Celia Dunlap, Revenue Cabinet, Frankfort, for appellee.

Before CLAYTON, COOPER and HOWARD, JJ.

COOPER, Judge.

This is an appeal and cross-appeal from a judgment of the circuit court upholding a ruling of the Kentucky Board of Tax Appeals (hereinafter the Board). That ruling held that the statutorily prescribed method for apportioning business income subject to taxation for a corporation engaged in business within the Commonwealth was properly applied to the appellant. On direct appeal, the issue is whether the procedure set forth in the statute is an unconstitutional violation of both the Commerce and Due Process Clauses of the United States Constitution. On cross-appeal, the issue is whether the circuit court acted correctly in ruling that the appellee's attempt to assess taxes for the 1973 year was effectively barred by the statute of limitations. KRS 141.210. Reviewing the record below, we affirm.

The essential facts giving rise to this litigation are as follows: In July of 1984, the Board affirmed a ruling issued by the appellee, Revenue Cabinet, Commonwealth of Kentucky, assessing additional taxes against the appellant, Liquid Transporters, Inc., for the years 1973–78. The assessment resulted from the appellee's following the procedure set forth in KRS 141.120(8), and the regulation promulgated under the statute, 103 KAR 16:120(2). Under authorization of the Interstate Commerce Commission and the Kentucky Public Utilities Commission, the appellant is authorized to carry bulk commodities throughout Kentucky and neighboring jurisdictions. The appellant reported its income in the years in question on the basis of truck mileage traveled in Kentucky in proportion to its total truck mileage traveled throughout the United States. This basis for reporting income differed from that set forth in the statute and also the regulation. As a result, the Board affirmed the additional assessment issued by the Revenue Cabinet. This finding was affirmed by the circuit court.

The circuit court specifically found that the formula set forth in the statute and the regulation resulted in a *fair* assessment of corporate income tax owed by the appellant. Additionally, it found that the apportionment formula set forth in the statute did not violate the appellant's constitutional right of due process. And, it ruled that the appellant had waived its right to question the constitutionality of the apportionment and allocation formula set forth in the statute as a result of its failure to petition the appellee for an alternative method of taxation in the years in question. KRS 141.-120(9). Finally, it ruled that the attempt by the Revenue Cabinet to assess additional taxes for 1973 would be barred by the statute of limitations. KRS 141.210. It is from such judgment that the appellant now appeals and the appellee cross-appeals.

Initially, the appellant argues that the three-factor formula set forth in KRS 141.120 is, on its face, unconstitutional. Specifically, it argues that applying such a formula to the income it earned for the years in question resulted in an unfair and overlapping system of taxation with respect to the amount of corporate income tax it paid to sister states. Before addressing such issue, this Court notes that during the years in question, with the exception of 1971, the appellant failed to petition the Department of Revenue for an alternative method of taxation as provided for in KRS 141.120(9). That section states as follows:

(9) If the allocation and apportionment provisions of this section do not fairly represent the extent of the taxpayer's business activity in this state, the taxpayer may petition for or the department may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

(a) Separate accounting;

(b) The exclusion of any one or more of the factors;

(c) The inclusion of one or more additional factors which will fairly represent the taxpayer's business activity in this state; or

(d) The employment of any other method to effectuate an equitable allocation and apportionment of the taxpayer's income.

Only for the taxable year 1971 did the appellant make an attempt to file such a petition, which was simply attaching the petition to the back of the 1971 income tax return. Although it is arguable that this failure effectively estops the appellant from arguing that the method of allocation and apportionment utilized by the Cabinet is unconstitutional, we find it unnecessary to reach this issue, given our ruling that the statutory scheme is both fair and reasonable, and not in violation of either the Commerce or Due Process Clauses of the Constitution.

Under the statutory scheme set forth in KRS 141.120, three factors are utilized in determining the amount of business income taxable by this Commonwealth: the percentage of property owned and operated in Kentucky to total property owned and operated by the corporation in question; the percentage of payroll paid out in this state to the total payroll of the corporation; and the percentage of Kentucky sales to total sales. This percentage is divided by three and multiplied by the total business income in determining the amount subject to Kentucky taxation. In effect, three factors—that of payroll, property, and sales—are utilized in determining the amount of business income subject to Kentucky taxation rather than simply one factor, such as the amount of miles driven within the state in proportion to total mileage driven.

Although this three-factor formula has been upheld and approved by the Court in *Butler Brothers v. McColgan*, 315 U.S. 501, 62 S.Ct. 701, 86 L.Ed. 991 (1942), as well as in *Container Corporation of America v. Franchise Tax Bd.*, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983), the appellant apparently argues that a one-factor formula, that of straight mileage apportionment, should be utilized. As authority for this argument it cites the decision of the Court in *Central Greyhound Lines, Inc. v. Mealey*, 334 U.S. 653, 68 S.Ct. 1260, 92 L.Ed. 1633 (1947). We find *Central Greyhound* distinguishable. In effect, that Court ruled that the method for appropriating income to a state must be a fair method. By no means did it mandate a straight mileage method of apportionment. Rather, the Court ruled that under the existing taxing scheme of New York, an unapportioned gross receipt tax levied on an interstate business violated the Commerce Clause.

In *Container Corp., supra*, the Court endorsed the three-factor formula and stated that an indication of its fairness in a specific context is whether it exhibits internal and external consistency. By internal consistency, the Court stated that if such method were applied in every jurisdiction, it would result in no more than all the taxpayer's business income being taxed. Here, the appellant has failed to demon-

strate that if the statutory scheme set forth in the statute were employed in all jurisdictions, more than a hundred percent of the taxpayer's business income would be taxed. Furthermore, as that Court stated: "a fairly apportioned tax would not be found invalid simply because it differed from the prevailing approach adopted by the States...." at p. 557. And, it held that only a constituted mandated method of taxation could eliminate all overlapping taxation.

Besides affirming that an apportionment formula should possess internal consistency, the *Container Corp., supra,* Court held that it must possess an external consistency, a characteristic difficult to define. Specifically, the Court stated as follows:

[T]he factor or factors used in the apportionment formula must actually reflect a reasonable sense of how income is generated. The Constitution does not "invalidat[e] an apportionment formula whenever it *may* result in taxation of some income that did not have its source in the taxing State ... Nevertheless, we will strike down the application of an apportionment formula if the taxpayer can prove by 'clear and cogent evidence' that the income attributed to the State is in fact 'out of all appropriate proportion to the business transacted in that State.'" *Id.* at p. 556.

Reviewing the record before this Court, we do not believe that the appellant has presented clear and cogent evidence that the business income generated by it and attributed to this Commonwealth is, in fact, "out of all appropriate proportion to the business transacted" within this state. Although the appellant argues that most of its revenue results from interstate travel in states other than Kentucky, the record reflects the fact that the appellant has its corporate headquarters and corporate domicile in this jurisdiction and both owns and leases real property here. Furthermore, it benefits from workers' compensation and unemployment insurance laws, and most of its bulk shipments originate from this state. Taken as a whole, we find that the evidence was substantial and supported the finding of both the Revenue Cabinet and the circuit court. As such, it will be upheld on appeal.

Finally, on cross-appeal, we concur with the findings of fact of the circuit court that the statute of limitations barred the assessment for the year 1973. In addressing such issue, the circuit court stated in its judgment the following:

"The provisions of KRS 141.210 with respect to the assessment of such taxes provides in pertinent part:

1. As soon as practicable after each return is received, the department shall examine and audit it. If the amount of tax as computed by the department is greater than the amount returned by the taxpayer, the excess shall be assessed by the department within four years from the date the return was filed, except as hereinafter provided ... a notice of the assessment shall be mailed to the taxpayer ... (c) in the case of a return where a corporation understates its taxable net income or omits from taxable net income an amount properly includable therein or both which understatement or omission or both is in excess of 25% of the amount of taxable net income stated in the return, the excess may be assessed at any time within six years after the return was filed.

Transporters contends the Statute of Limitations expired in four years while Revenue claims it was six years because Transporters had understated its "taxable" income by an excess of 25%.

The Court observes that KRS 141.210(c) was amended in 1974 (effective June 21, 1974) adding the word "taxable" to the statute. So at the time that Transporters filed its return in this case, the law was different. Prior to 1974, subsection (c) provided a six year Statute of Limitations when "net income" was understated by 25%. That was not the situation when the tax return was filed. Transporters did not understate their "net income" as envisioned in subsection (c) which was the prevailing law at that

time. The amendment of June 26, 1974 should not be given retroactive application to the 1973 taxes."

We concur with the circuit court's ruling.

The judgment of the circuit court is affirmed.

All concur.